TODD BLANCHE
Attorney General of the United States
District of Nevada
SIGAL CHATTAH
First Assistant United States Attorney

NATHAN M. CLAUS
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Xavier Gutierrez,

Plaintiff,

v.

United States of America,

Defendants

Case No. 2:25-cv-02360-RFB-BNW

**Stipulation and Order to Extend Discovery Deadlines by 90 days**

**[First Request]**

Pursuant to LR IA 6-1 and LR 26-3 Plaintiff, Xavier Gutierrez, and Defendant United States of America ("United States"), hereby request a 90-day extension of the remaining discovery deadlines, which is supported by grounds and circumstances set forth below. The parties have conducted discovery diligently and in good faith. This is the first request for an extension of the discovery deadlines.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. SUMMARY OF THE ARGUMENT**

Good cause exists to extend discovery deadlines to permit the parties to complete discovery and to allow the completion of the service for the third-party complaint.

//

//

//

## II. BRIEF STATEMENT OF THE CASE

Plaintiff alleges that he received care from the Veteran Administration (VA) that was below the standard of care relating to an incident in the Operating Room at the VA. ECF No. 1. Defendant contends that there was not a violation of the standard of care, but has submitted a third-party complaint against Stryker Corporation contending that if there was a violation of the standards of care, it was due to a design flaw with the operating table. ECF No. 14.

The Court granted the parties stipulated discovery plan and set the deadlines below. ECF No. 47.

| **Scheduled Event** | **Date of Proposed Deadlines** |
|---|---|
| Amend Pleadings/Add Parties | September 7, 2026 |
| Initial Expert Disclosures | October 5, 2026 |
| Rebuttal Expert Reports | November 4, 2026 |
| Discovery Cut Off | December 4, 2026 |
| Dispositive Motions | January 4, 2027 |
| JPTO | February 3, 2027 |

## III. STATEMENT OF DISCOVERY

### A. Discovery and other matters completed to date

Plaintiff served their initial disclosures on April 8, 2026. Defendant served their initial disclosures on April 7, 2026.

On April 17, 2026, Plaintiff served his first set of interrogatories, requests for production and requests for admission to Defendant. After granting an extension, Defendants provided responses to these documents on May 22, 2026.

There is another case involving Plaintiff Gutierrez and Stryker Corporation (2:26-cv-01762-ART-MDC).[1] Defendant in this matter was informed by counsel for Stryker Corporation that the third party complaint had the improper party listed in this complaint.

---

[1] Stryker appears that it does not dispute that it was served properly in this case by Plaintiff Gutierrez.

On September 17, 2026, counsel for Stryker Corporation informed Defendant's counsel that the property entity to be named in this case was to be Stryker Sales, LLC and had indicated that once the third-party complaint was amended, Stryker Corporation counsel would accept email service for the complaint. Defendant is working on preparing the second amended third party complaint based on this information.

**B. Discovery that remains to be completed**

a. Deposition of Plaintiff.

b. Discovery to third party Stryker.

c. Deposition of Defendant's employees.

d. On-site visit of the operating table.

**C. Reasons why discovery has not been completed**

The primary reason for the delay on discovery has been trying to complete service for the third party complaint. The parties do not want to complete large amounts of discovery only to later have to duplicate those efforts should Stryker Corporation/ Stryker Sales, LLC wish to engage in the same discovery efforts (such as depositions).

The parties' counsel conferred and agreed that the extension below would be proper. The parties agree that neither party will be prejudiced by the proposed extension, and that they may be prejudiced should the current schedule remain in place. The parties agree the extension is sought in good faith.

**D. Proposed revised discovery schedule**

An extension of the remaining deadlines in the case would result in the following revised discovery schedule:

| Scheduled Event | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Amend Pleadings/Add Parties | September 7, 2026 | **Closed** |
| Initial Expert Disclosures | October 5, 2026 | **January 4, 2027**[2] |
| Rebuttal Expert Reports | November 4, 2026 | **February 2, 2027** |

[2] The date has been adjusted because 90 days from October 5, 2026 fall on Sunday, January 3, 2027

| | | |
|---|---|---|
| Discovery Cut Off | December 4, 2026 | **March 4, 2027** |
| Dispositive Motions | January 4, 2027 | **April 5, 2027**[3] |
| JPTO | February 3, 2027 | **May 4, 2027** |

Disclosures under Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

## V. STATEMENT OF GOOD CAUSE

Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." *See also* Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties contend that good cause is met here because of the delays related to the service of the third party complaint. This is also the parties first request for the extension.

//

//

//

//

//

//

//

//

//

//

//

//

[3] The date has been adjusted because 90 days from January 4, 2027 fall on Sunday, April 4, 2027.

## VI. CONCLUSION

The Parties submit that the facts and the argument contained herein constitute good cause to extend the discovery deadlines 90 Days.

DATED this 25th day of September, 2026.

LAIRD LAW PC

By: /s/ Dan Laird
DANIEL LAIRD, M.D., J.D.
*Counsel for Plaintiff*

DATED this 25th day of September, 2026.

TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

By: /s/ Nathan M. Claus
NATHAN M. CLAUS
Assistant United States Attorney

*Attorneys for Defendant*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: September 28, 2026